UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE ESTATE OF GLORIA LAFAYE MAYWEATHER WHITE AND OTIS WHITE, HUSBAND, <br><br> Plaintiffs, <br><br> v. <br><br> HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND HEALTH CARE TEMPORARIES, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:07-cv-00145 |

**MEMORANDUM AND ORDER**

Before the Court is the Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(4) and (5) filed by Defendant Health Care Temporaries, Inc. After considering the parties' filings and the applicable law, the Court finds that the motion and Defendant's request for attorneys' fees, Docket No. 17, should be and hereby are **DENIED**.

I.   BACKGROUND

   A.   The Suit

Plaintiffs initially filed suit against Defendant Hartford Life and Accident Insurance Company (Hartford Life) in the Probate Court Number 3 of Harris County, Texas in January 2007. (Doc. No. 1.) Defendant Hartford Life removed the action to federal court. *Id.* On February 26, 2007, Plaintiffs filed an amended complaint seeking damages under the Employee Retirement Income Security Act (ERISA) and naming both Hartford Life and Health Care Temporaries, Inc. (HCT) as defendants. (Am. Compl. ¶ 3.)

   B.   The Summons

On July 27, 2007, 151 days after filing the amended complaint, Plaintiffs served a complaint and summons on Bonita Woods, Vice President of and Registered Agent for Health Care Temporaries, Inc. (Mot. Dismiss, Doc. No. 17, Ex. A, B; Def.'s Reply to Resp. to Mot. Dismiss ¶ 2.) The copy of the summons submitted by Defendant HCT as Exhibit B lists the Defendant's typed name as: "Bonita Woods d/b/a and Health Care Temporaries." (Mot. Dismiss, Doc. No. 17, Ex. B.) The copy of the summons submitted by the Defendant also includes the handwritten name "Health Care Temporaries, Inc. d/b/a HCT, Inc." directly beside the typewritten name. Id. The copy of summons included with the Return of Service does not include the handwritten name. (Doc. No. 21.)

### C. The Case Management Plan and Scheduling Order

Plaintiffs and Hartford Life submitted a Joint Discovery/Case Management Plan (Case Management Plan) to the Court on February 20, 2007. (Doc. No. 10.) In the Case Management Plan, Plaintiffs indicated that they anticipated adding Health Care Temporaries, Inc. (HCT) as an additional party by March 12, 2007. Id. ¶ 6. Plaintiffs also indicated in the Case Management Plan that they anticipated sending interrogatories to HCT prior to May 1, 2007 and expected to take an oral deposition of a corporate representative of HCT by July 9, 2007. Id. ¶10(B), (D). The Court's Scheduling Order required new parties to be joined by April 2, 2007 and ordered the attorney adding a new party to provide copies of the Scheduling Order to the new party. (Doc. No. 11.) The Scheduling Order additionally set discovery to be completed by August 13, 2007, required dispositive motions to be filed by October 1, 2007, and set a trial date for April 14, 2008. Id.

## II. ANALYSIS

### A. Insufficiency of Process

Defendant argues that Plaintiffs' suit should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) because the summons "fails to name Health Care Temporaries, Inc. properly" as required by Federal Rule of Civil Procedure 4(a). (Mot. Dismiss, Doc. No. 17, ¶ 7(A), ¶ 11). For the following reasons, Defendant's motion for insufficiency of process must fail.

Federal Rule of Civil Procedure 4(a) requires that a summons "identify the parties" and "be directed to a defendant." FED. R. CIV. P. 4(a). Rule 4(a) is generally construed liberally. *See* 3 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1082 ("The general attitude of the federal courts is that the provision of Federal Rule 4 should be liberally construed in the interest of doing substantial justice . . . ."). Furthermore, "the liberal amendment of process policy expressed at the end of [Rule 4(a)] can be used to alleviate errors of a technical nature that are not misleading or prejudicial to the recipient of the document." *Id.* § 1087; *see also* FED. R. CIV. P. 4(a) ("The court may allow a summons to be amended"). A Defendant "should not be permitted to take advantage of a mere misnomer that injured no one." *Grandey v. Pacific Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954) (citing *United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872 (4th Cir. 1947).[1] Instead:

> The test should be whether, on the basis of an objective standard, it is reasonable to conclude that the plaintiff had in mind a particular entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether plaintiff actually meant to serve and sue a different person.

*Grandey*, 217 F.2d at 29 (citing 2 Moore's Federal Practice, § 4.44).

---

[1] The *Grandey* court was construing Federal Rule of Civil Procedure 4(h). 217 F.2d at 29. The Federal Rules' amendment of summons provision was subsequently incorporated into Federal Rule of Civil Procedure 4(a). *See* Advisory Committee's Notes on 1993 Amendments to Fed. Rule Civ. Proc. 4 (West 2007). Although some of Rule 4(h)'s text was eliminated as part of this amendment, courts' "extensive discretion to allow the amendment of process or proof of service" remains unchanged. *See* 3 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1131.

The evidence presented makes clear that the error on the summons was, in fact, a misnomer that injured no one. Defendant contends, first, that the summons was addressed to Bonita Woods "individually" and was not addressed to Health Care Temporaries, Inc. (Mot. Dismiss, Doc. No. 17, ¶ 4.) Defendants additionally argue that "neither entity named is a corporation" and note that "the Defendant referred to in the Complaint is a corporation." (Def's Reply to Resp. to Mot. Dismiss ¶ 1.) Defendant's second argument is premised on the fact that the summons does not include the word "Inc." after the name "Health Care Temporaries."

The Court recognizes that there is some ambiguity in the name listed on the summons. Nevertheless, it agrees with Plaintiffs that the typewritten name "Bonita Woods d/b/a *and* Health Care Temporaries" makes sufficiently clear that the summons was addressed to both Bonita Woods and Health Care Temporaries as a separate entity. (Mot. Dismiss, Doc. No. 17, Ex. B (emphasis added).) Nor does the lack of the word "Inc." justify dismissing this suit. *See, e.g. Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218 (4th Cir. 1999) (refusing to find insufficiency of process where a summons failed to include the word "Inc."); *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876 (D.C. Fla. 1996) (denying Rule 12(b)(4) and 12(b)(5) motions where the summons named "Tire Kingdom" instead of "Tire Kingdom, Inc."); *U.S. v. Lasco Industries, Division of Phillips Industries, Inc.*, 531 F.Supp. 256, 261-62 (D.C. Tex. 1981) (denying motion to dismiss for improper service where Plaintiff served "Lasco Industries, Inc." instead of "Lasco Industries, Division of Phillips Industries, Inc.") . Plaintiffs "actually served the entity intended," *Grandey*, 217 F.2d at 29, and any possible confusion about who Plaintiffs intended to sue was clarified by the attached complaint naming Health Care Temporaries, Inc., "a corporation doing business in Houston, Harris County, Texas" as the defendant in the

lawsuit.[2] (Am. Compl. ¶ 2.) It was therefore reasonable for Defendant to conclude that Plaintiffs intended to sue Health Care Temporaries, Inc. as a corporation, made a minor mistake in listing the company's name, and in fact served the entity intended by serving Ms. Woods, an officer of and agent for the company. The summons does not fail, therefore, because it was addressed to Bonita Woods individually or because it lacked the word "Inc."

### B. Insufficiency of Service of Process

Defendant also maintains that the Court should dismiss this suit with prejudice because Plaintiffs failed to serve HCT with the complaint and summons within 120 days of the date the suit was filed as required by Federal Rule of Civil Procedure 4(m). (Mot. Dismiss, Doc. No. 17, ¶ 12.) The allegation of untimely service is more serious, particularly because Plaintiffs have not demonstrated they had good cause for failing to serve HCT within 120 days and because Defendant was inconvenienced by the delay. Nevertheless, for the following reasons, the Court will not dismiss the suit for insufficiency of service of process.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the summons and complaint on a defendant within 120 days. FED. R. CIV. P. 4(m). Rule 4(m) states that if service is not made within 120 days, a court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Id.* Rule 4, therefore, requires the Court to extend the time for service if Plaintiffs have shown good cause for the delay. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). It also

---

[2] The copy of the summons submitted by Defendant provides some additional evidence that Defendant or its attorney was aware that it was intended for Health Care Temporaries, Inc. Defendants' Exhibit B includes the handwritten name "Health Care Temporaries, Inc. d/b/a HCT, Inc." beside the typewritten name that lacked the word "Inc." (Mot. Dismiss, Doc. No. 17, Ex. B.) Defendant makes no effort to explain this handwriting. The Return of Service does not include the handwritten name, however, and the Court will not attempt to resolve this discrepancy. (Doc. No. 21.)

allows the Court to enlarge the time for service "even if there is no good cause shown." *Henderson v. U.S.*, 517 U.S. 654, 658 n. 5 (U.S. 1996) (recognizing that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'" (citing Advisory Committee's Notes on 1993 Amendments to Fed. Rule Civ. Proc. 4, 28 U.S.C. App., p. 654)); *see also Thompson*, 91 F.3d at 21 (agreeing with the "majority of circuits" that "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120 day requirement.").

Plaintiffs have not shown good cause for failing to serve HCT within 120 days. Good cause requires at least "some reasonable basis for noncompliance within the time specified" *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Plaintiffs served Defendant HCT with the summons and complaint on July 27, 2007, 151 days after filing its amended complaint. (Mot. Dismiss, Doc. No. 17, Ex. A ¶ 2.) Plaintiffs argue that they were unable to serve HCT within 120 days first, because "the attorney for the Plaintiffs is a sole practitioner and became ill prior to the time to complete service," and secondly, because "the attorney was unable to locate a registered agent and was only able to facilitate service upon Health Care Temporaries, Inc. after finding that Bonita Woods is an officer of the company." (Pls.' Resp. to Mot. Dismiss ¶ 7(B).) HCT clearly has an agent registered with the Secretary of State (Def's Reply to Response to Mot. Dismiss, Ex. 26, 27 (listing Bonita Woods as HCT's registered agent); Aff. of Judy Komorita ¶ 3, 4 (asserting that it took "approximately 5 minutes" to verify by phone that HCT had a registered

agent on file with the Secretary of State and that it took "less than one minute" to locate the same information on the Texas State Comptroller's website).) Plaintiffs' inability to locate HCT's agent does not, therefore, constitute good cause for the delay. Nor do Plaintiffs adequately explain why their attorney's illness prevented him from serving Defendant within five months of naming HCT in the amended complaint. The Court further observes that Plaintiffs made no request for additional time to serve HCT. Plaintiffs have not provided the Court with a reasonable basis for why it did not serve HTC within 120 days, and the Court is not, therefore, required to extend the time for service under Rule 4(m).

The Court will, however, use its discretion to extend the time for service in this case as permitted by Rule 4(m). The Court recognizes that Defendant HCT was inconvenienced by Plaintiffs' delay, particularly with regard to discovery.[3] Plaintiffs did not serve Defendant HCT until two weeks before the discovery deadline of August 13, 2007. (Scheduling Order, Doc. No. 11.) Furthermore, HCT contends that Plaintiffs and Defendant Hartford Life have served discovery on each other and provided responses without serving copies on HCT. (Def's Reply to Response to Mot. Dismiss ¶ 9.) Plaintiffs maintain that a new docket control order can resolve this problem, incorrectly asserting that a trial date has not been scheduled. (Pls' Resp. to Mot.

---

[3] Defendant argues that Plaintiffs also failed to provide HCT with a copy of the Docket Control Order as required by the Local Rules of the Southern District of Texas, missed deadlines indicated in the Case Management Plan, and failed to add HCT as a new party by April 2, 2007 in violation of the Court's Scheduling Order. (Mot. Dismiss Doc. No. 17, ¶¶ 14, 15.) The Court notes that Plaintiffs added HCT as a defendant in their Amended Complaint on February 26, 2007, prior to the Scheduling Order deadline. Even if HCT had been added after April 2, 2007, violations of the Scheduling Order (which should be raised under Federal Rule of Civil Procedure 41(b)) only warrant dismissal with prejudice where "a lesser sanction would not serve the interests of justice and there is a clear record of delay or contumacious conduct by a party." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (internal citation removed). The Court does not believe that Plaintiffs' actions in this case rise to the level of contumacious conduct, and, as explained below, the Court finds that a lesser sanction is available. Furthermore, although the Court will not tolerate repeated violations of the local rules, the Court believes it should rule on the substantive merits of a case whenever possible. *See McLeod, Alexander, Powel & Apffel, P.C., v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) ("[D]istrict courts have considerable latitude in applying their own rules"); *Holtz v. Rockefeller*, 258 F.3d 62, 73 (2nd Cir. 2001) ("[A] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) ("[T]he decision whether to apply the [local] rule strictly or to overlook any transgression is one left to the district court's discretion.").

Dismiss 15; *see also* Scheduling Order (setting trial date for April 14, 2008).) Both Defendant HCT and Defendant Hartford Life have objected to Plaintiffs' request to grant a new scheduling order, which was filed with Plaintiffs' response to this Motion.[4] (Def's Reply to Response to Mot. Dismiss, Def. Hartford Life's Response to Mtn. for New Trial, Doc. No. 29.)

The Court shares HCT's frustration with the way that Plaintiffs' attorney has prosecuted this case, and recognizes that a new scheduling order may not fully remedy the inconvenience experienced by Defendant. Under Rule 4(m), however, the Court may not grant HCT's motion to dismiss with prejudice, FED. R. CIV. P. 4(m), and granting the motion without prejudice will likely delay this litigation even further. Thus, in the spirit of "promoting the forward movement of the litigation and the disposition of the cases on their merits . . . prescribed in [Federal Rule of Civil Procedure] 1," 3 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1083, the Court will exercise its discretion under Rule 4(m) and extend the time for service *nunc pro tunc* to 151 days. In an effort to minimize the inconvenience resulting from this delay, the Court will postpone its consideration of Plaintiffs' request for a new scheduling order until after it has considered and ruled on Defendant HCT's Motion to Dismiss for Failure to State a Claim (Doc. No. 20) and Defendant Hartford Life's Motion for Summary Judgment (Doc. No. 30).

**IT IS SO ORDERED.**
**SIGNED** this 11th day of October, 2007.

---

[4] Defendant Hartford Life argues that "to reopen the deadlines in this case as requested by Plaintiffs will greatly prejudice and result in needless expense to Hartford, especially given the limited scope of discovery in ERISA cases decided on the administrative record." Doc. No. 29 at ¶ 3. If the Court does not deny Plaintiffs' request for a new scheduling order, Hartford Life requests that the court consider and rule on its motion for summary judgment before entering new deadlines in the case. *Id.* at ¶ 4.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT